```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT
```

United States of America      :
                              :
        v.                    :    File No. 1:97-CR-24
                              :
Lawrence Stone                :


                         OPINION AND ORDER
                            (Doc. 142)

    Defendant Lawrence Stone, an inmate currently in federal custody in Schuykill, Pennsylvania, moves the Court to modify and terminate his restitution obligation.  In support of his motion, Stone contends that restitution is not being paid in conformance with the Court's restitution order, and that his restitution obligation ceases upon the conclusion of his sentence.  The government opposes the motion.  For the reasons set forth below, the motion is DENIED.

    In August 1998, Stone entered a guilty plea to one count of conspiracy to transport stolen goods in interstate commerce.  In January 1999, this Court sentenced him to 60 months' imprisonment to be followed by three years of supervised release, and ordered him to pay restitution in the amount of $31,502.49.  His obligation is joint and several with his co-defendants.  (Doc. 143-1 at 7).

    In November 2009, Stone obtained from the Court a copy of the Case Inquiry Report ("Report") regarding restitution payments in this case.  He now contends that the Report contains

inconsistencies "as to who is a victim and what amount is owed." (Doc. 142 at 2). His first claim is that the names in the Report do not all correspond to the names in the Judgment, and that any restitution paid to these other parties should be returned. What Stone misunderstands, however, is that the people or entities currently receiving restitution are legal successors to those in the original order, and restitution payments are not, in fact, being misapplied.

Stone next contends that the math on the Report with regard to the total outstanding due to "Johnson & Roundtree" is incorrect. While this might appear to be the case, Court records indicate the discrepancy is due to payments that were made, returned uncashed and subsequently re-issued. The result is an amount that appears unaccounted for in the summary information, but is instead fully reflected and accounted for in Johnson & Roundtree's account information on page 5 of the Report.

Stone further notes that the Report shows an amount owed of $31,875,07, while the Judgment requires restitution of $31,502.49. The Court acknowledges the appearance of an inconsistency in the payee information, but notes the defendant portion of page one of the Report shows a "Total Owed" of $31,502.49. In any event, the defendants will not be required to pay any restitution in excess of the amount in the Judgment, and there is no need for a modification.

Stone next speculates that because the Report begins with restitution payments made in 2007, the government must have been holding his money for eight years. If so, he asks that interest be credited to his restitution. The Report sent by the Court, however, merely reflects a new accounting system was adopted in 2007. Additional court records indicate restitution payments began in 1999, and accordingly, no interest is due.

In addition to his objections to the Report, Stone presents two arguments with regard to withdrawals of his restitution payments. He first claims that the prison facility in Pennsylvania is wrongfully collecting restitution on a criminal conviction secured in the State of New Hampshire. Because this Court has no jurisdiction over either the underlying conviction or Stone's current custodian, it has no jurisdiction to grant relief on this claim. See 18 U.S.C. § 3583; 28 U.S.C. § 2255; 28 U.S.C. § 2241.

Stone's final argument is that he is not required to make any additional restitution payments because his sentence has expired. An order of restitution is "a lien in favor of the United States" and "continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated . . . ." 18 U.S.C. § 3613(c). Consequently, Stone's obligation continues notwithstanding the alleged expiration of a sentence.

For these reasons, the motion to modify and terminate restitution (Doc. 142) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 16th day of September, 2010.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge